## NO CURE BY AMENDMENT OF A FATALLY DEFECTIVE ORIGINAL PETITION.

Common Pleas Court of Franklin County.

FLORA LOWDEN v. THE PINE CLUB ET AL.*

Decided, December 16, 1918.

*Gambling—Penalty Not Recoverable for Separate Losses—Premature Suit by Wife for Recovery of Money Lost by Her Husband—Nature of Her Action Not Changed by Filing an Amended Petition— Amendment to a Petition Distinguished from an Amended Petition —Property Owners Brought in After the Statute Had Run as to Them.*

1. The nature of an action, prematurely brought by a wife for recovery of money lost by her husband in gambling, can not be changed and the proceeding given validity by the filing of an amended petition making the owners and occupants of the premises parties to the action. The only course open in such a case is the dismissal of the action and the filing of a new one.

2. Moreover, were it possible to give validity to the original action by the filing of an amended petition, a delay of more than eighteen months in bringing in the owners and occupants of the premises, when the statute of limitations had run as to them, would be fatal, inasmuch as a claim set up for the first time in an amended petition does not relate back to the date of the filing of the original petition, but is rendered nugatory by the fact that the rights of the new parties have become determined.

*F. S. Monnett,* for plaintiff.
*Franklin Rubrecht,* contra.

KINKEAD, J.

This action was commenced January 9, 1917. The cause of action was one by plaintiff as wife of Albert Lowden dependent for support upon him and entitled to his earnings. Recovery

---

*Affirmed by the court of appeals.

was sought only from the Pine Club, a corporation, and defendants Walter Hicks and D. C. Henderson, with whom Albert Lowden, plaintiff's husband, played games of chance, losing the total sum of $945.50.

The first amount of money plaintiff's husband was alleged to have lost at gambling with defendants was on the 14th of September, 1916. Other loosings occurred September 15 to 30, inclusive, October 1 to 31, inclusive, and November 1 to 16, inclusive, 1916. This husband's daily occupation seems to have been that of gambling for nearly three months. He must have had sufficient resources to have so persistently followed that occupation, or to have scored sufficient winnings to have kept him in that daily occupation such length of time.

In the original petition plaintiff set up each alleged loss as a separate cause of action, and sought to recover a penalty upon each one. This was held improper.

A demurrer was filed to the petition. Plaintiff brought her action within the six months from the losses and hence before she had any right to maintain an action under the statute. She had not made the occupants or owners of the building parties defendant by her original petition. On demurrer Judge Evans held the wife had no right to maintain her action, because up to that period the husband had the exclusive right to institute an action in his own right. Section 5966. *Hoos* v. *Layton,* 3 O. S., 352.

No action had accrued in plaintiff's favor when she brought her action, hence the only order that could properly have been made when the demurrer was sustained was a dismissal of the action. It was error to grant leave to file an amended petition for the reason that it was perfectly plain that under the rules of pleading plaintiff could not change the nature of her action by an amendment.

The original petition was filed January 9, 1917; the amended petition was filed July 23, 1918, eighteen months after commencement of her action, which it was decided she had no right under the law to bring. The action should have been dismissed, and a new one commenced.

At the time of bringing in of the parties defendant who occupied or owned the property, plaintiff's claim against them had become barred by the statute, the limitation of one year being a statutory penalty. *Cooper* v. *Rowley,* 29 O. S., 547; *Harrington* v. *Halliday,* 4 N.P.(N.S.), 281.

It is also well settled that an amendment or amended pleading not only can not bring in a claim barred since commencement of the action (Kinkead Pleading, Section 131; *Hills* v. *Ludwig,* 46 O. S., 373; *Commissioners* v. *Andrews,* 18 O. S., 69); *Marriott* v. *Railway Co.,* 2 N.P.(N.S.), 231, but a plaintiff can not add new parties by an amended petition as to whom the statute of limitations has run since the original petition was filed and action commenced. Kinkead Pleading, Section 131, note 6 and authorities cited.

Furthermore, it is a settled rule of practice that an amended petition can not change the cause of action or bring in a new cause of action. An amendment can not change the nature or scope of the cause of action set forth in the original petition. Phillips Pleading, Section 313; *Hawkins* v. *Furnace Co.,* 40 O. S., 507.

The fundamental conception is that an amended pleading relates back, is substituted and takes the place of the original, and has exclusive relation to the time of commencing the action, the rights of the parties being determined as of that time; the statute of limitations ceases to run when the original petition is filed. But a party can not by amendment bring in a claim omitted in the petition which has become barred since the filing of the original petition and have it relate back to the filing of the original petition so as to defeat the statute. Kinkead Code Pldg., Section 111 and cases cited.

We have never known any better authority on the subject than the learned judge who analyzed the gambling statutes in *Vincent* v. *Taylor,* 60 O. S., 309 He pointed out the difference in character between the cause of action inuring to the player and to the wife. That of the player is lost unless he institutes his action in six months. And the right of the wife does not accrue until that of the player is lost.

This court found on demurrer that plaintiff had no right of action at the time when her suit was brought. And under the well settled rules of procedure plaintiff can not sleep on her rights by prolonging this action by the unwarranted mode of procedure pursued by her, until she has not only lost her rights against the participating defendants, but especially as against the additional parties sought to be brought in by the amended petition.

The demurrers to the amended petition are sustained and the action is ordered dismissed at plaintiff's costs.

## ON MOTION FOR REHEARING.

This case comes up on application for rehearing on the demurrer to the petition. Reconsideration was asked by plaintiff for the reason that the former opinion did not take into consideration the fact that plaintiff had on September 6, 1917, filed an amendment to the petition, making defendants the several occupants and owners of the property in which the gaming took place. Summons was served on the defendants named.

It is now claimed that the former decision of this branch of the court conflicts with that of another branch which overruled a motion to strike the amendment to the petition from the files. The claim was that the amendment to the petition substituted a new cause of action. One branch of the court thought not and overruled the motion to strike the amendment from the files.

But the consideration of such motion necessarily could not involve the questions presented upon a demurrer to the amended petition which this branch of the court sustained. We were not then aware of the fact that an amendment to the petition had been filed as above stated.

Counsel for plaintiff suggests that there is a conflict of ruling between different branches of the court. Rathmell, J., ordered that the occupants and owners of property should be made parties by granting leave to file an amendment to the petition; he also

overruled a motion by those defendants to strike the amendment from the files (October 10, 1917). The appearance docket shows that one of the property owners filed a demurrer. An entry was made November 9, 1917, reciting that the demurrers of the defendants are each severally overruled.

Long thereafter, however, July 27, 1918, Judge Evans sustained a demurrer to plaintiff's petition, the entry ordering that "The petition of plaintiff be dismissed at her costs." But to this entry is improperly "tacked" on in writing the following: "Leave is granted plaintiff to amend in rule."

The order of the court was intended to dismiss the action; an amended petition could in no wise cure a fatally defective original petition. This branch of the court followed Judge Evans' conclusion which is deemed to be right.

There can be no denial that plaintiff had no right of action when she instituted her suit, and she could make no amendment by any process whatsoever that could save her case.

The amendment filed making occupants and owners parties defendant had no peg to stand on; it amounted to nothing and can have no possible legal efficacy now since Judge Evans sustained the demurrer.

This branch of the court sustained the demurrer to the amended petition. There is a vast difference between an amendment to the petition and amended petition. The amended petition supersedes and takes the place of all other petitions or pretended amendments thereto.

It is settled practice that an amended petition or an amendment to a petition relates back to and takes the place of the original petition. An original petition such as the one by the wife in this case filed before she had any right of action in herself, can not be amended by such form of amendment as was attempted in this case by adding the parties who own the property.

When the foundation falls the whole house falls. Plaintiff not having a right of action in her own right when she filed this action—having slept on her rights by prolonging this action until her individual claim under another statute has become barred—

she certainly has no standing on an amended pleading that takes the place of all others and relates back and undertakes to state her rights as of the date of January 9, 1917, when she commenced this action.

Counsel for plaintiff still contends that *Vincent* v. *Taylor*, 60 O. S., 309, does not support the court in the action taken by Judge Evans. We think it does. Judge Bradbury plainly stated (p. 313), that old Section 4270, now Section 5966, does not by its terms give the wife a right of action at all. He states:

"Her right to maintain an action * * * depends upon the provisions of a succeeding Section 4273 (now Section 5969) and did not accrue to her until the conditions prescribed by the latter section had happened. The plaintiff below did not attempt in her petition to show that such conditions had occurred. It seems to us, therefore, that the petition did not state a cause of action that fell within the provisions of Section 4270 R. S."

That is exactly this case. Plaintiff must fail.

The former decision is adhered to. The action is ordered dismissed at plaintiff's costs.